**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHIQUAN D. BELLAMY, : | |
| : | Civil Action No. 23-2142 (BRM) |
| Petitioner, : | |
| : | |
| v. : | **MEMORANDUM ORDER** |
| : | |
| BRUCE DAVIS, et al., : | |
| : | |
| Respondents. : | |

Petitioner Shiquan D. Bellamy ("Petitioner"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, is proceeding *pro se* with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1, ("Petition").) Presently before the Court is Petitioner's Motion for Stay so that he may exhaust one claim in state court (ECF No. 1-2), and Respondents' response not opposing said Motion (ECF No. 7). For the reasons explained in this Memorandum and Order, the Motion for Stay is **GRANTED**.

Petitioner motioned for a stay pursuant to *Rhines v. Weber*, 544 U.S. 273 (2005). (ECF No. 1-2.) Petitioner requests a stay so he can exhaust Ground Two, which he submits currently pending in state court. (*Id.*, Certification in Support at ¶ 6.)

Under the Antiterrorism Effective Death Penalty Act ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984, 986-87 (3d Cir. 1993). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief

proceedings. *See*, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State").

Recognizing the complexities that face prisoners who must exhaust state remedies while complying with the one-year statute of limitations period for § 2254 habeas petitions as set out in § 2244(d)(1), the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible way to avoid barring from federal court a petitioner who timely files a mixed petition [containing both exhausted and unexhausted claims]." *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). Indeed, the Third Circuit has stated that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Id.* at 154. The United States Supreme Court has held that a stay is "only appropriate" where the district court determines the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). A petitioner bears the burden of showing that he is entitled to a stay. *See Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008).

The Court has reviewed Petitioner's motion for stay and cannot conclusively find Petitioner lacks good cause for his failure to exhaust Ground Two of his Petition. Furthermore, the Court does not find that Ground Two is "plainly meritless" or that Petitioner is employing his state litigation as a means of delay. *Rhines*, 544 U.S. at 277–78. Additionally, Respondents do not oppose Petitioner's request for stay. (ECF No. 7.) The Court, therefore, finds a stay is warranted.

For the reasons stated herein, and for good cause shown;

**IT IS** on this 4th day of August 2023,

**ORDERED** Petitioner's Motion to Stay (ECF No. 1-2) is **GRANTED**; and it is further

**ORDERED** Petitioner shall return to this Court by filing a request to reopen this action within 30 days after exhaustion of his state law claims; and it is further

**ORDERED** that, if Petitioner should fail to comply with the deadlines set forth in this Order, this Court may vacate this Order *nunc pro tunc* and dismiss all unexhausted claims without further notice; and it is further

**ORDERED** that nothing in this Order shall be construed as a finding as to the timeliness of any additional claims that may be asserted in any future petition or amended petition, *see Mayle v. Felix*, 545 U.S. 644 (2004); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this action.

                                                        */s/Brian R. Martinotti*
                                                        **BRIAN R. MARTINOTTI**
                                                        **UNITED STATES DISTRICT JUDGE**